UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WESLEY SCOTT MITCHELL,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br><br>Defendant. | CASE NO. 14-cv-05760 JRC<br><br>ORDER ON PLAINTIFF'S COMPLAINT |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 3; Consent to Proceed Before a United States Magistrate Judge, Dkt. 4). This matter has been fully briefed (*see* Dkt. 16, 17, 18).

After considering and reviewing the record, the Court concludes that the ALJ erred in finding plaintiff able to perform other work that exists in significant numbers in the national economy. Because the ALJ's ultimate determination regarding disability was

based on the testimony of the VE that plaintiff could perform other work, the error affected the ultimate disability determination and is not harmless.

Therefore, this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration.

## BACKGROUND

Plaintiff, WESLEY SCOTT MITCHELL, was born in 1962 and was 48 years old on the alleged date of disability onset of November 17, 2010 (*see* AR. 175). Plaintiff graduated from high school (AR. 450). Plaintiff has no past relevant work (AR. 42, 71-74).

According to the ALJ, plaintiff has at least the severe impairments of "degenerative joint disease of the right knee, tendinosis of the supraspinatus tendon and osteoarthritic change in the glenohumeral articulation and acromioclavical joint without significant impingement of the tendon, polysubstance abuse in reported remission, psychosis, NOS, and mood disorder, NOS (20 CFR 416.920(c))" (AR. 32).

At the time of the hearing, plaintiff was living in a room in the garage at his parents' home (AR. 53).

## PROCEDURAL HISTORY

On November 22, 2010, plaintiff filed an application for Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act (AR. 175-79). His application was denied initially and following reconsideration (*see* AR. 86-100, 102-18). Plaintiff's requested hearing was held before Administrative Law Judge Paul G. Robeck ("the ALJ") on January 10, 2013 (*see* AR. 50-

84). On January 18, 2013, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* AR. 27-49).

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Whether or not the ALJ erred in failing to include in his RFC finding all of the limitations assessed by several physicians; (2) Whether or not the ALJ erred in ignoring the opinion of Vocational Specialist Kathy O'Neal; (3) Whether or not the ALJ erred in rejecting the plaintiff's testimony; and (4) Whether or not the ALJ erred in finding plaintiff able to perform other work that exists in significant numbers in the national economy (*see* Dkt. 16, pp. 1-2). Because this Court reverses and remands the case based on issue 4, the Court need not further review issues 1, 2, and 3, and expects the ALJ to reevaluate the record as a whole in light of the direction provided below.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

//

//

//

//

//

## DISCUSSION

**(1)    Whether or not the ALJ erred in finding plaintiff able to perform other work that exists in significant numbers in the national economy?**

Plaintiff argues that the ALJ erred in finding plaintiff able to perform other work that exists in significant numbers in the national economy (*see* Opening Brief, Dkt. 16, pp. 5-6, 21-24). The ALJ found that plaintiff had the RFC to perform:

> …light work as defined in 20 CFR 416.967(b) except no more than occasional crouch, crawl, climb, balance, stoop and kneel. The claimant has essentially lost most of the vision in the left eye. He must avoid extremes of cold, more than moderate noise, vibration, hazards and constant loud noises such as in a loud factory setting. He is further limited to no more than simple repetitive tasks and incidental public contact. The claimant is limited to no more than occasional overhead reaching with the left upper extremity, and no jobs with fine hearing discrimination.

(AR. 35). At the administrative hearing, the ALJ presented a vocational expert ("the VE") with hypothetical questions based on this RFC (*see* AR. 75-78). In response, the VE opined that plaintiff could perform the jobs of hand packager, electronics worker, and mail room sorter (AR. 76).

If the ALJ reaches the final step in the sequential analysis, the burden shifts to the Commissioner to prove that the claimant can perform other work in the national economy, given his age, education, RFC, and past work experience. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *see also* 20 C.F.R. §§ 404.1520(g), 404.1594(f)(8), 416.994(b)(5)(vii); *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). This other work "'which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. § 423(d)(2)(A); *see also* 20 C.F.R. § 404.1560(c)(1).

In addition, "to support a finding that [one is] not disabled at this fifth step of the sequential evaluation process, [the administration is] responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that [one] can do, given [the] [RFC] and vocational factors." *See* 20 C.F.R. § 404.1560(c)(2). A vocational expert's testimony must be reliable in light of the medical evidence to qualify as substantial evidence. *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). The ALJ "may rely on expert testimony which contradicts the [Dictionary of Occupation Titles], but only insofar as the record contains persuasive evidence to support the deviation." *Light v. Social Sec. Admin.*, 119 F.3d 789, 793 (9th Cir. 1997), *citing Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995).

    a.  Hand packager

Plaintiff argues that the ALJ erred in finding him able to perform the job of hand packager because the job requires a loud work environment, which is precluded by the RFC. (*see* Opening Brief, Dkt. 16, p. 21). The Dictionary of Occupational Titles ("DOT") describes the job of hand packager as requiring a "loud" work environment. *See* Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles, U.S. Dept. of Labor, Employment and Training Administration, 1993, p. 204, available at http://www.nosscr.org/sco/sco.pdf, last visited 04/09/2015 ("INSPECTOR AND HAND PACKAGER," DOT No. 559.687-074). The VE did not provide any evidence for departing from the DOT. Defendant concedes that the ALJ erred here (*see* Responsive Brief, Dkt. 17, p. 13).

b. Mail room sorter

Plaintiff argues that the ALJ erred in finding him able to perform the job of mail sorter because the job requires a reasoning level above that prescribed by the RFC's requirement of simple repetitive tasks (*see* Opening Brief, Dkt. 16, pp. 22-23). The DOT describes the job of mail room sorter as requiring Level Three Reasoning under the General Education Development. *See* Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles, U.S. Dept. of Labor, Employment and Training Administration, 1993, p. 343, available at http://www.nosscr.org/sco/sco.pdf, last visited 04/09/2015 ("MAIL CLERK," DOT No. 209.687-026). An RFC limitation to simple repetitive tasks is inconsistent with the demands of Level Three Reasoning. *Zavalin v. Colvin*, 778 F.3d 842, 847 (9th Cir. 2015). The VE did not provide any evidence for departing from the DOT. Defendant concedes that the ALJ erred here (*see* Responsive Brief, Dkt. 17, p. 13).

c. Electronics worker

Plaintiff argues that the ALJ erred in finding him able to perform the job of electronics worker because the job requires occasional depth perception, occasional accommodation, and occasional color vision, which are inconsistent with his visual limitations (*see* Opening Brief, Dkt. 16, pp. 5-6; Reply Brief, Dkt. 18, p. 2). Specifically, plaintiff contends that the ALJ should have included the specific limitations listed by state agency medical consultant Dr. Robert Hoskins, M.D., in his RFC finding (*see id.* at 4).

Dr. Hoskins performed an RFC assessment as part of his Disability Determination Explanation (*see* AR. 111-16). With regard to plaintiff's ocular limitations, Dr. Hoskins opined that plaintiff had limited near acuity, limited depth perception, limited accommodation, limited color vision, and limited field of vision, explaining that his vision is 20/400 in the left eye (AR. 113). The ALJ gave Dr. Hoskins' opinion "significant weight" (AR. 41). The ALJ included in his RFC and in the hypotheticals posed to the VE the finding that plaintiff had essentially lost most of the vision in his left eye.

The Court does not agree with plaintiff's contention that the finding regarding his vision in the RFC does not include all the limitations assessed by Dr. Hoskins. "[T]here is no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question." *Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012); *see also Turner v. Comm'r of Social Sec.*, 613 F.3d 1217, 1223 (9th Cir. 2010) (accepting limitations that were, if not verbatim, "entirely consistent" with physician's evaluation). The statement that plaintiff has essentially lost most of the vision in his left eye implicitly contains all of the limitations found by Dr. Hoskins. The finding is not inconsistent with any of the relevant medical evidence, and, regarding the opinion of Dr. Hoskins, the RFC is sufficient as written.

However, the plaintiff ultimately argues that the electronic worker job selected by the VE is inconsistent with the ocular limitation in his RFC, and with regard to the issue of depth perception, the Court agrees. While not necessarily true of accommodation or color vision, a requirement of depth perception is inconsistent with the RFC finding that

plaintiff has essentially lost most of the vision in one eye, because limited depth perception is a result of loss of binocular vision. The DOT describes the job of electronics worker as requiring occasional depth perception. *See* Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles, U.S. Dept. of Labor, Employment and Training Administration, 1993, p. 309, available at http://www.nosscr.org/sco/sco.pdf, last visited 04/09/2015 ("ELECTRONICS WORKER," DOT No. 726.687-010). The VE did not provide any reason for the discrepancy between his testimony that plaintiff could do a job requiring depth perception and the RFC indicating a loss of vision in one eye. Therefore, the ALJ also erred in finding that plaintiff could perform the job of electronics worker.

Because all three jobs the VE found plaintiff capable of performing were in error, defendant has failed to meet her burden to prove that plaintiff can perform other work in the national economy, given his age, education, RFC, and past work experience.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*citing Stout v. Commissioner, Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). The Ninth Circuit noted that "in each case we look at the record as a whole to determine [if] the error alters the outcome of the case." *Id.* The court also noted that the Ninth Circuit has "adhered to the general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id.* (*quoting Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (other citations omitted). Here, because the ALJ's ultimate determination regarding

disability was based on the testimony of the VE, the error affected the ultimate disability determination and is not harmless.

The Court may remand this case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," and that "remand for an immediate award of benefits is appropriate." *Id.* Here, the outstanding issue is whether or not a vocational expert may still find an ability to perform other jobs existing in significant numbers in the national economy. Accordingly, remand for further consideration is warranted in this matter.

## CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 14th day of April, 2015.

J. Richard Creatura
United States Magistrate Judge